IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH CHRISTOPHER JOHNSON, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:20-CV-0261-E-BK |
| | § | |
| MICHAEL TOSUNI AND A AND A | § | |
| ENERGY OIL AND GAS, LLC, | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the Court now considers Plaintiff's *Motion for Entry of Default Final Judgment*. Doc. 10. Upon consideration, the motion should be **DENIED**.

On February 3, 2020, Plaintiff filed this breach of contract action against Defendants based on diversity jurisdiction. Doc. 4 at 3. Plaintiff paid the Court's filing fee and was thus responsible for serving summonses and copies of his complaint on Defendants within 90 days pursuant to Rules 4(c)(1) and 4(m) of the Federal Rules of Civil Procedure. In due course, Plaintiff returned the summonses executed, but had personally attempted service by certified mail. Doc. 9. The Court advised Plaintiff that such service did not comply with Rules 4(c), (e), and (h) and ordered him to effect service properly by May 18, 2020 or risk the dismissal of his complaint. Doc. 11; *see* FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint.") (emphasis added).

In the meantime, Plaintiff filed the instant *Motion for Entry of Default Final Judgment*. Doc. 10. On May 14, 2020, Plaintiff filed executed summonses but, again, he personally served

process by certified mail.   Doc. 12.   The burden is on Plaintiff to ensure that Defendants are properly served with summonses and a copies of the complaint.   FED. R. CIV. P. 4(c)(1).   Service of process must be made within 90 days of filing a complaint or the action is subject to dismissal without prejudice.   FED. R. CIV. P. 4(m).   When, as in this case, the time to effect service has expired, the party attempting service has the burden of demonstrating "good cause" for failing to serve the opposing party.   *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

   Plaintiff's latest effort to serve Defendants fares no better than his prior one, most obviously due to his continued attempt to personally serve Defendants in violation of Rule 4(c)(2).   Plaintiff has neither demonstrated nor attempted to demonstrate good cause for failing to properly effect service despite the fact that well over 90 days have passed since he filed his complaint.   *Id.* at 645-46; Doc. 4.   Consequently, the Court concludes that Plaintiff cannot or will not comply with the Court's order and Rule 4.   Because Plaintiff has had substantial time to properly serve Defendants and has failed to demonstrate good cause for not doing so, an extension of the deadline is not warranted and dismissal of this case without prejudice is appropriate.   *See Pennie v. Obama*, 255 F. Supp. 3d 648, 656 (N.D. Tex. 2017) (dismissing case without prejudice against numerous defendants pursuant to Rule 4(m) due to plaintiffs' failure to properly effect service of process despite being granted extension of time to do so).

Accordingly, this case should be **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's *Motion for Entry of Default Final Judgment*, Doc. 10, should be **TERMINATED AS MOOT**.

**SO RECOMMENDED** on May 29, 2020.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).